UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE PIRO and MICHAEL HALL, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>vs.<br><br>EXERGEN CORPORATION,<br><br>   Defendant. | Case No. 1:15-cv-11834-DJC<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**I. INTRODUCTION**

Plaintiffs hereby object to and move to strike the Notice of Supplemental Authority filed by the Defendant in support of its Motion to Dismiss all Claims for Lack of Standing and Motion to Dismiss the Breach of Warranty Claims for Failure to State a Claim ("Motion to Dismiss").

The Court may properly strike the Defendant's Notice of Supplemental Authority because a) it was untimely filed, b) Defendant failed to seek leave as is required by Local Rule 7.1(b)(3), c) the authorities cited are not relevant, and d) the authorities cited are not authoritative.

**II. THE NOTICE OF SUPPLEMENTAL AUTHORITY IS UNTIMELY**

The Court has set a hearing on Defendant's Motion to Dismiss for October 14, 2015. With less than 10 days remaining before the date of that Court-ordered hearing, the Defendant filed its Notice of Supplemental Authority.

The so-called authorities submitted by the Defendant include, as Exhibit A, a decision from a case filed on August 27, 2015. This decision has been available for well over a

month but Defendants chose not to file it until less than a week prior to the hearing date, thereby prejudicing the Plaintiffs and leaving them with insufficient time to prepare in light of the new authorities cited.

The second alleged authority submitted by the Defendant is California Senate Bill 633, which was signed into law on September 1, 2015. Again, this document has been available to Defendant for well over a month (and presumably Defendants had knowledge of the Bill for a far greater period of time), and again, Defendants offers no explanation for the delay in filing the Notice of Supplemental Authority

Given the Defendant's untimely filing of the Notice of Supplemental Authority on the virtual eve of the hearing on its Motion to Dismiss, the Notice of Supplemental Authority and the corresponding Exhibits should be stricken in their entirety.

### III. DEFENDAT FAILED TO SEEK LEAVE TO FILE SUPPLEMENTAL AUTHORITIES

Massachusetts Local Rule 7.1(b)(3) states that "All other papers not filed as indicated in subsections (b)(1) [motions] and (2) [oppositions to motions], whether in the form of a reply brief or otherwise, may be submitted only with leave of court."

There is no federal or Local rule that explicitly allows a party to file a Notice of Supplemental Authority without leave of the Court. Defendants therefore were required to seek leave before making this filing.

Since Defendants failed to seek leave to file a Notice of Supplemental Authorities, it should be stricken in its entirety. Alternatively, the court should allow the Exhibits but strike any commentary, analysis, or legal argument made by the Defendant in the Notice of Supplemental Authority.

Finally, the Notice of Supplemental Authorities is, in essence, an impermissible

surreply and that even if leave to file a surreply had been requested, there would have been no basis to grant that leave. Accordingly, the Court should strike the Notice in its entirety.

### IV.    THE AUTHORITIES CITED ARE NOT RELEVANT

The Defendants submitted as Exhibit A to the Notice of Supplemental Authorities an opinion issued by the California Court of Appeal in *Benson v. Southern California Auto Sales, Inc.,* 192 Cal. Rptr. 3d 67 (Aug. 27, 2015). First, an opinion by the California court of Appeal is not binding precedent on this court.

Second, the vital differences between the cases mean that *Benson* is not binding precedent. Moreover, the cases are so dissimilar that *Benson* has no relevance or bearing on Defendant's Motion to Dismiss.

The Defendant has ignored the fact that that Plaintiffs disagree over the adequacy of the corrective action offered to them by the Defendant. The Defendant also ignores that in this action, unlike in *Benson*, Plaintiffs' counsel gave the Defendant ample opportunity to make a reasonable offer of settlement and did not file this action until the time to respond had expired. The most critical difference, which the Defendant also ignores entirely, is that this case has been brought by Plaintiffs individually <u>and</u> on behalf of all others similarly situated. <u>*Benson* was not a class action case</u>. Therefore the issue before the court in *Benson* was not whether the Defendant made an appropriate offer of class-wide corrective action. Here, that issue is at the crux of the Plaintiffs' case. Therefore, *Benson* is of very limited value.

Further, even assuming that the Defendant had made a sufficient offer of corrective action prior to the expiration of the notice period (which it did not), this Court does not allow Defendants to "pick-off" named plaintiffs. In *Bais Yaakov of Spring Valley v. Act, Inc.,* 2015 U.S. App. (1st Cir. Aug. 21, 2015), the First Circuit held that a rejected and

withdrawn offer of settlement of a named plaintiff's individual claims in a putative class action made before the plaintiff moved for class certification did not deprive the court of subject-matter jurisdiction. Since *Benson* does not address this issue, it is not properly considered and should be stricken from the record.

The other so-called authority presented by the Defendant is California Senate Bill 633. Again, this has no bearing on the current issues before the court as it was voted into law last month and was not in effect when this action was filed or at any point in the litigation (in fact, it does not even go into effect until January 1, 2016). Accordingly, it should be stricken and/or disregarded in its entirety.

## V.     THE AUTHORITIES CITED ARE NOT AUTHORITATIVE

The Authorities provided by Defendant should also be stricken because they are not authoritative. Black's Law Dictionary 153 (9th ed. 2009) defines authority as follows: "A legal writing taken as definitive or decisive; esp., a judicial or administrative decision cited as a precedent. The term includes not only the decisions of tribunals but also statutes, ordinances, and administrative rulings."

Neither the *Benson* case nor the House Bill provides the proper basis for the filing of a notice of supplemental authority because they are not properly characterized as authoritative. For the reasons described above, neither is good or binding authority in this Court.

## VI.     CONCLUSION

The Notice of Supplemental Authorities at issue was untimely filed, without leave from this Court, and the Exhibits at issue are both irrelevant and are not authoritative. Therefore, the Notice of Supplemental Authority and the Exhibits should be stricken from the record entirely.

WHEREFORE Plaintiffs respectfully request that the Notice of Supplemental Authorities filed by the Defendant be stricken.

Respectfully submitted this 9th day of October, 2015,

/s/Erica Mirabella
Erica C. Mirabella (BBO#676750)
MIRABELLA LAW, LLC
132 Boylston Street, 5th Floor
Boston, MA  02116
(617) 580-8270
(617) 583-1905 (fax)
erica@mirabellaLLC.com

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Undersigned counsel certifies that she attempted in good faith to confer with counsel for Defendant in an effort to resolve or narrow the issues raised by this Motion.

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

/s/ Erica C Mirabella
Erica C Mirabella